UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SCHWERDTFEGER, CDCR #P–70401,<br><br>Plaintiff,<br><br>vs.<br><br>PARAMO, Warden; R. BUCKEL, Assoc. Warden Business Services; UNKNOWN CDCR AGENT, Supervisor of Plant Operations,<br><br>Defendants. | Case No.: 19-CV-2255 JLS (JLB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING DEFENDANT PARAMO PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1), AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT R. BUCKEL PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 2) |

Plaintiff Michael Joseph Schwerdtfeger, proceeding *pro se* and currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), together with a Motion to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth Amendment rights on November 25, 2018, when their failure to post warnings or to install a "self-closing device[]" and/or door handles inside the dorm doors
///

in RJD's 'E' Facility resulted in the amputation of his left index finger tip. *See* Compl. at 3.

## **MOTION TO PROCEED** *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A prisoner granted leave to proceed IFP, however, remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. ___, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King* ("*King*"), 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report, as well as a prison certificate of funds authorized by a CHCF accounting official. *See* ECF No. 2 at 4–8; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *King*, 398 F.3d at 1119. These records show Plaintiff had no average monthly deposit and carried no average monthly balance over the six months prior to filing. They further show he had no money to his credit at the time his Complaint was submitted for filing with the Clerk of the Court.

The Court therefore **GRANTS** Plaintiff's Motion (ECF No. 2) and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Instead, the Court will direct the $350 total filing fee owed in this case be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A

### I. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the

///

targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) (noting that "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)).

## II.   Plaintiff's Factual Allegations

In late 2016, Plaintiff alleges the E yard at RJD was "toured, inspected and cleared for occupancy by management staff." Compl. at 3. On January 27, 2017, Plaintiff was

4

19-CV-2255 JLS (JLB)

transferred to E Yard and assigned to Building 24, Dorm 102-3L. *Id.* At that time, there were "no automatic door closing devices" or "inside handles" on the dorm doors. *Id.* Instead, a "keypad" was used to lock and unlock the doors. *Id.* at 6. Plaintiff claims that, because the keypad was installed "flush with the door," it "created a perfect shear," and that on November 25, 2018, the tip of his left index finger was amputated when he attempted to close a dorm door. *Id.* at 3–4.

Plaintiff contends his injury was the result of "nothing less than deliberate indifference" because another E Yard inmate named Tarkington also severed the tip of his finger the same way more than two months before, on September 1, 2018. *Id.* at 3; *id.* Ex. A at 12–13. When Tarkington filed a CDCR 602 Inmate Appeal regarding his injury and complaining it was due to the lack of interior door handles, Defendant R. Buckel, RJD's Associate Warden of Business Services, partially granted the appeal on September 24, 2018, and notified Tarkington that "Plant Operations [was] working with Facilities Management to procure funding for . . . door handles to be installed." *Id.* at 13.

Plaintiff further claims that "we all complained to building staff and [were] told management was looking for funding to install this hardware." *Id.* at 3. But none was installed, no warning signs were posted, and, on November 25, 2018, Plaintiff's fingertip was severed, like Tarkington's. *Id.* at 3–4. Plaintiff contends he "did not know about inmate Tarkington's injury until after [his] occurred" and, "if warning signs had been posted" or if E Yard was "not cleared for occupancy until self-closing and/or inside door handles were installed," his injury may have been prevented. *Id*. at 4.

**III. Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

///

### A. *Claims Against Warden Paramo*

With respect to Defendant Paramo, the Warden of RJD, Plaintiff claims only that he was "directly responsible for day to day operations" and for initially "clearing the E Yard for occupancy." Compl. at 2. Plaintiff fails to state a plausible Eighth Amendment claim for relief against Defendant Paramo, however, because he does not include any "further factual enhancement" to describe how, when, or whether Defendant Paramo was personally aware that Plaintiff or any other inmate in the E Yard Facility faced a substantial risk of serious harm because the dorm doors lacked an interior handle. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, [a plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim). "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible Eighth Amendment claim on the part of Defendant Paramo. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff includes the Warden based solely on his job description, claims generally that he was responsible for ensuring the overall safety of the facility, and suggests he should have known about the risk posed by E Facility's dorm doors because his supervisory duties include "Facilities Management." *See* Compl. at 4. But Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). Allegations that a prison official "should have been aware of [a] risk, but was not" simply do not amount to an Eighth Amendment violation, "no matter how severe the risk.'" *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citations omitted).

The Court therefore dismisses Defendant Paramo *sua sponte* based on Plaintiff's failure to state an Eighth Amendment claim against him. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126–27.

### B. Claims Against Associate Warden R. Buckel

With respect to the Eighth Amendment claims alleged against Defendant Buckel, Associate Warden of RJD, however, the Court finds Plaintiff's allegations sufficient to sufficient to survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Specifically, Plaintiff alleges Defendant Buckel was actually aware that the dorm doors in E Facility could sever an inmate's finger tips because she personally granted inmate Tarkington's request that door handles be installed on the inside of the cells in Facility E on September 24, 2018—more than two months before Plaintiff's injury. *See* Compl. at 3–4, 12–13; *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994) (holding that "prison officials have a duty [under the Eighth Amendment] . . . to protect prisoners" and, therefore, "may be held liable … if [they] know[] that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it"). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk . . . for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843; *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Therefore, the Court will direct the United States Marshal to effect service of the summons and Plaintiff's Complaint on Defendant Buckel on Plaintiff's behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion (ECF No. 2);

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2)

---

[2] Plaintiff also claims that an "Unknown CDCR Agent" employed as RJD's "Supervisor of Plant Operations" failed to "make the physical plant safe and habitable," install interior handles on E Facility's dorm doors, and post warning signs after inmate Tarkington's finger was injured on September 1, 2018. *See* Compl. at 2, 3–4, 12–13. These allegations, like those pleaded against Defendant Buckel, are sufficient to state a plausible claim for relief. *See Wilhelm*, 680 F.3d at 1123; *see also Iqbal*, 556 U.S. at 678. Plaintiff, however, must identify the unknown Plant Operations Supervisor he claims was aware of the risk posed by the dorm doors and was responsible for abating it, *see Farmer*, 511 U.S. at 833, 837, and substitute his or her true name in an amended pleading before the United States Marshal will be ordered and/or able to execute service upon him or her. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) ("Doe defendants must be identified and served within [90] days of the commencement of the action against them."); *see also* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)(1)(C). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that, to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. 18-00239 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) ("As a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). The Court will not dismiss the "Unknown CDCR Agent, Supervisor of Plant Operations" as a Defendant at this time, however, because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

with ALL PAYMENTS CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** *sua sponte* Plaintiff's claims against Defendant Warden Paramo based on his failure to state a claim against him pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and **DIRECTS** the Clerk of the Court to terminate Warden Paramo as a party to this matter;

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Buckel and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve them upon Defendant Buckel. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *including an address where Defendant Buckel may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Buckel as directed by Plaintiff on the USM Form 285 provided to him with all costs of that service advanced by the United States, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7. **ORDERS** Defendant Buckel, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a), *see* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once a court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and, thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a

9

19-CV-2255 JLS (JLB)

"reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Buckel or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or her counsel and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: January 28, 2020

Hon. Janis L. Sammartino
United States District Judge