UNITED STATES COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SCHWERDTFEGER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PARAMO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-02255-JLS (JLB)<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISS THE COMPLAINT**<br><br>**[ECF No. 14]** |

　　　　Before the Court is a motion filed by Defendant R. Buckel ("Defendant") to revoke the *in forma pauperis* ("IFP") status of Plaintiff Michael Joseph Schwerdtfeger ("Plaintiff") and to dismiss the complaint. (ECF No. 14.) Plaintiff filed an opposition. (ECF No. 16.) Defendant filed a reply. (ECF No. 17.)

　　　　Pursuant to 28 U.S.C. § 636(b) and Civil Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California, this Report and Recommendation is submitted to United States District Judge Janis L. Sammartino. After a thorough review of the parties' filings, and for the reasons discussed below, the Court respectfully **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff's complaint be dismissed without prejudice absent the payment of the $400 filing fee in full.

# I. BACKGROUND

## A. Factual Background

On or around November 25, 2019, while a resident of the California Health Care Facility in Stockton, California, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1 ("Compl.").) In his complaint, Plaintiff alleges that Warden Paramo, Associate Warden R. Buckel, and an unknown California Department of Corrections and Rehabilitation ("CDCR") agent who is the Supervisor of Plant Operations violated his Eighth Amendment rights based on the following allegations:

In late 2016, the "E Yard" at R.J. Donovan Correctional Facility ("RJD") was "toured, inspected, and cleared for occupancy by management staff," including Defendant, who was the Associate Warden of Business Services. (*Id.* at 2–3.) On or about January 27, 2017, Plaintiff was transferred to RJD and assigned to the E Yard, Building 24, Dorm 102-3L. (*Id.* at 3.) At the time of transfer, the dorm doors had no "closing devices" or "inside handles." (*Id.*) Plaintiff claims that "[w]e all complained to building staff and [were] told management was looking for funding to install this hardware." (*Id.*)

On November 25, 2018, the tip of Plaintiff's left index fingertip—3/8 of an inch—was amputated when he attempted to close a dorm door. (*Id.* at 3–4.) Plaintiff claims the keypad used to lock and unlock the doors had been installed flush with the door when it should have been an inch back from the door, and the manner in which the keypad was installed created the "perfect shear, which amputated [Plaintiff's] fingertip." (*Id.* at 6.)

Plaintiff contends his injury was the result of "nothing less than deliberate indifference" because nearly three months earlier, on September 1, 2018, another E Yard inmate named Tarkington severed the tip of his finger in a similar manner while attempting to close a dorm door. (*Id.* at 3, 12–13.) When Tarkington filed a CDCR 602 Inmate Appeal regarding his injury, complaining it was caused by the lack of interior door handles, Defendant partially granted the appeal at the first level on September 24, 2018, and notified Tarkington that "Plant Operations [was] working with Facilities Management to procure funding for the door handles to be installed." (*Id.* at 12–13.)

Plaintiff "did not know about inmate Tarkington's injury until after [his own] occurred." (*Id.* at 4.) No warning signs were ever posted. (*Id.* at 3, 5.) Plaintiff claims that "if warning signs had been posted" or if E Yard had not been "cleared for occupancy until self-closing and[/]or inside door handles were installed," his injury may have been prevented. (*Id.* at 4.)

Plaintiff filed his own CDCR 602 Inmate Appeal, Log # RJD-E-18-8043, on December 10, 2018, requesting that inside door handles or an automatic door closing device be installed to prevent future injury to himself and other inmates on E Yard. (Id. at 16–17.) The appeal was partially granted at the First Level by Defendant and Plaintiff was given the same response as Tarkington: "Plant Operations is working with Facilities Management to procure funding for the door handles to be installed." (*Id.* at 19.) In Plaintiff's second level response, dated March 21, 2019, it was noted that the proposal for door handles to be installed was currently in the "Facilities Planning Construction Management branch, Office of Architect and Engineering for design approval." (*Id.* at 21.)

### B.  Procedural Background

On December 5, 2019, Plaintiff filed a motion to proceed IFP. (ECF No. 2.) On January 28, 2020, the Court granted Plaintiff's motion to proceed IFP and assessed no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (ECF No. 4 at 3.) Instead, the Court ordered the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee[1] owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). (*Id.* at 8.)

---

[1]  Civil litigants must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee which applied at the time Plaintiff filed this action does not apply to persons granted leave to proceed IFP. *Id.*

1    Thereafter, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§
2 1915(e)(2) and 1915A. (*Id.* at 3–10.) The Court dismissed Warden Paramo for failure to
3 state a claim against him but ordered service on Associate Warden R. Buckel. (*Id.* at 6–
4 10.) On March 30, 2020, Defendant moved to dismiss the complaint. (ECF No. 9.)

5    On October 9, 2020, Defendant filed the present motion to revoke Plaintiff's IFP
6 status and dismiss the complaint. (ECF No. 14.) The Court set a briefing schedule on the
7 motion and ordered Defendant to file a response by November 6, 2020, and Defendant to
8 file any reply by November 20, 2020. (ECF No. 15.) Plaintiff constructively filed an
9 opposition on November 5, 2020, and Plaintiff filed a reply on November 13, 2020. (ECF
10 Nos. 16, 17.) Thereafter, the Court took the motion under submission pursuant to Civil
11 Local Rule 7.1(d)(1). (ECF No. 15 at 2.)

12   On January 4, 2021, this Court issued a report and recommendation on Defendant's
13 motion to dismiss, recommending that it be granted with leave to amend. (ECF No. 18.)
14 Plaintiff filed objections and Defendant filed a reply to the objections. (ECF Nos. 19, 20,
15 22.) No order has been issued on the report and recommendation.

## II.   LEGAL STANDARD

17   This action is governed by the Prison Litigation Reform Act of 1995 ("PLRA"),
18 which became effective on April 26, 1996. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th
19 Cir. 1997). The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C.
20 § 1915, *i.e.*, may not proceed IFP, "if the prisoner has, on 3 or more prior occasions, while
21 incarcerated or detained in any facility, brought an action or appeal in a court of the United
22 States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a
23 claim upon which relief may be granted, unless the prisoner is under imminent danger of
24 serious physical injury." 28 U.S.C. § 1915(g). Prisoners "who qualify for IFP status are
25 excused from prepaying court fees and costs." *Harris v. Harris*, 935 F.3d 670, 673 (9th
26 Cir. 2019). The PLRA's "three strikes" provision was "designed to discourage vexatious
27 and voluminous prisoner litigation." *Id.*
28 ///

A case must be dismissed on one of the specified enumerated grounds for it to count as a strike under § 1915(g). *Id.* The Ninth Circuit has provided guidance on these enumerated grounds. The phrase "fails to state a claim on which relief may be granted . . . parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*King*") (internal quotation marks and citation omitted). "Thus, if a claim is dismissed for failure to state a claim under rule 12(b)(6), it counts as a strike for PLRA purposes." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). A case is considered "frivolous if it is of little weight or importance: having no basis in law or fact." *King*, 398 F.3d at 1121 (internal quotation marks and citation omitted); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (a claim is "frivolous" when it is without "basis in law or fact"). In addition, a case is considered "malicious if it was filed with the intention or desire to harm another." *Id.* (internal quotation marks and citation omitted).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* A court is not required to announce in an order that its dismissal constitutes a strike under § 1915(g) for that dismissal to later count as a strike. *See id.* at 1119 n.8. In determining whether a prior dismissal counts as a strike, a court "should look to the substance of the dismissed lawsuit, and not to how the court labelled or styled the dismissal." *Harris*, 935 F.3d at 673 (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious, or for failure to state a claim. *Id.* at 674. "[P]artial dismissals of even one claim for a non-qualifying reason will save an entire case from constituting a strike." *Id.*

///

A "three-strikes litigant" is precluded from proceeding IFP in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews*, 493 F.3d at 1053. The conditions that existed at some earlier or later time are not relevant. *See id.* The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*

When a defendant challenges a prisoner-plaintiff's right to proceed IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status. *King*, 398 F.3d at 1116, 1120. The defendant must produce court records or other documentation that will allow the court to determine that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." *Id.* at 1120 (quoting 28 U.S.C. § 1915(g)). Once the defendant has made out a *prima facie* case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.* at 1116, 1120.

## III. DISCUSSION

Defendant moves the Court to revoke Plaintiff's IFP status and to dismiss this case, unless Plaintiff first pays the full filing fee, on the basis that "[a]t the time of his filing this lawsuit, [he] had already accrued at least three qualifying dismissals (strikes) under the [PLRA], 28 U.S.C. § 1915(g)." (ECF No. 14 at 3.) Defendant further argues that "Plaintiff does not qualify for the statute's imminent-danger exception because he complains about prison-door-closing devices at [RJD] in San Diego, but at the time of initiating this action, he was housed at an institution in Stockton, California." (*Id.*) In response, Plaintiff argues that his IFP status should not be revoked, primarily invoking principles of equity. (ECF No. 16.)

### A.     Plaintiff's Prior Dismissals

In support of her motion, Defendant requests that the Court take judicial notice of court orders in seven of Plaintiff's prior lawsuits.  (ECF No. 14-1.)  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted).  Accordingly, the Court grants Defendant's request for judicial notice and takes judicial notice of the court orders attached to her request.  The Court also takes judicial notice of the dockets in each of these cases.  Each case is discussed in further detail below.

#### 1.     *Schwerdtfeger v. Yancey, et al.*, No. 3:99-cv-00003-SI (N.D. Cal.)

On January 4, 1999, while incarcerated, Plaintiff filed *Schwerdtfeger v. Yancey, et al.*, No. 3:99-cv-00003-SI (N.D. Cal.) ("*Yancey I*"), pursuant to 42 U.S.C. § 1983.  (*Yancey I*, ECF No. 1.)  In his *pro se* complaint, Plaintiff alleged "that law enforcement officers broke his sacred peace pipe and lost or stole his sacred medicine head band during the search of his shop."  (ECF No. 14-1 at 6.)  On January 26, 1999, the court dismissed the complaint without leave to amend after screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).  (*Id.* at 6–10.)

In its discussion, the court stated that "[a]llegations of negligent or intentional deprivation of property do not state a due process claim under Section 1983 if the deprivation was random and unauthorized."  (*Id.* at 7.)  Thereafter, the court dismissed the complaint without leave to amend because Plaintiff's "allegations are of a random and unauthorized deprivation of property and therefore are not cognizable under Section 1983."  (*Id.* at 7.)  As the complaint was dismissed for failure to state a claim, it counts as a strike under § 1915(g).  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (the dismissal of an IFP complaint during the screening process on one of the grounds enumerated in § 1915(g) counts as a strike).

///

///

2.     *Schwerdtfeger v. Rainey*, No. 3:99-cv-00132-SI (N.D. Cal.)

On January 15, 1999, while incarcerated, Plaintiff filed *Schwerdtfeger v. Rainey*, No. 3:99-cv-00132-SI (N.D. Cal.) ("*Rainey I*"), pursuant to 42 U.S.C. § 1983. (*Rainey I*, ECF No. 1; *see also* ECF No. 14-1 at 12.) In his *pro se* complaint, Plaintiff alleged "that mail received from th[e] court was opened and resealed before it was delivered to him in jail." (ECF No. 14-1 at 12.) On January 26, 1999, the court dismissed the complaint without leave to amend after screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). (*Id.* at 12–17.)

In its discussion, the court stated that although prisoners have a constitutional right of access to the courts, in order "[t]o establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury." (*Id.* at 13.) Thereafter, the court dismissed the complaint without leave to amend because Plaintiff "has not alleged any actual injury and therefore has not stated a cognizable Section 1983 claim for relief for denial of access to the courts." (*Id.* at 13.) As the complaint was dismissed for failure to state a claim, it counts as a strike under § 1915(g). *See O'Neal*, 531 F.3d at 1153.

3.     *Schwerdtfeger, et al v. USDC No Dist of CA*, No. 3:99-cv-00133-SI (N.D. Cal.)

On January 15, 1999, while incarcerated, Plaintiff and another inmate, Larry D. Grengs, filed *Schwerdtfeger, et al. v. USDC No. Dist. of CA*, No. 3:99-cv-00133-SI (N.D. Cal.) ("*USDC*"), pursuant to 42 U.S.C. § 1983. (*USDC*, ECF No. 1; *see also* ECF No. 14-1 at 19.) In their *pro se* complaint, the plaintiffs alleged "that mail sent to [Plaintiff] was opened out of his presence and that the court's in forma pauperis application process is too difficult." (ECF No. 14-1 at 19.) On January 26, 1999, the court dismissed the complaint without leave to amend after screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). (*Id.* at 19–24.)

In its discussion of the claim that the mail sent to Plaintiff was opened out of his presence, the court determined that Plaintiff's claim was duplicative of Plaintiff's

allegation in *Rainey I*. (*Id.* at 20.) The court noted that "[d]uplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious." (*Id.*) The court added "[a]n in forma pauperis complaint that merely repeats pending or previously litigated claims – even if against new defendants – may be considered abusive and dismissed under the authority of § 1915." (*Id.*) Therefore, the court held that the "first claim must [be] dismissed." (*Id.*)

With respect to the second claim that "the court's in forma pauperis requirement is too difficult because jail staff may delay in delivering to plaintiffs the necessary paperwork for plaintiffs to timely file the in forma pauperis application," the court found it unripe because a delay "ha[d] not actually happened yet." (*Id.*) The court thereafter dismissed the claim on the basis that the plaintiffs' "unsupported conclusory allegations that the court has put them at risk by requiring them to obtain inmate trust account statements before the case moves forward do[es] not warrant the court hearing the unripe claim." (*Id.*)

Lastly, the court dismissed the claim that the plaintiffs were emotionally traumatized – causing Plaintiff to lose sleep and causing Grengs to go on a "cookie binge" – as not actionable. (*Id.* at 20–21.) The court reasoned that "[e]motional trauma is not itself an actionable claim in a Section 1983 case." (*Id.* at 21.)

The court concluded that "[s]ince none of the claims are legally sufficient, the complaint will be dismissed without leave to amend." (*Id.*) As all the claims in the case were dismissed for qualifying reasons, the case counts as a strike under § 1915(g). *See Morris v. Woodford*, No. C 07-4198 MJJ (PR), 2008 WL 906560, at *2 (N.D. Cal. Apr. 2, 2008) (finding the dismissal of an unripe claim to be a dismissal for failure to state a claim upon which relief may be granted under § 1915(g) because "'relief' cannot be 'granted'" on such a claim) (citing *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)).

    4. <u>*Schwerdtfeger v. Yancey, et al.,* No. 3:99-cv-00198-SI (N.D. Cal.)</u>

On January 20, 1999, while incarcerated, Plaintiff filed *Schwerdtfeger v. Yancey, et al.,* No. 3:99-cv-00198-SI (N.D. Cal.) ("*Yancey II*"), pursuant to 42 U.S.C. § 1983. (*Yancey*

*II*, ECF No. 1; *see also* ECF No. 14-1 at 26.) In his *pro se* complaint, Plaintiff alleged that he had "been defamed because one or more defendants filed an opposition to a motion to suppress in a court case in which the footer on the motion papers states 'A:\DOGMAN.153.' Schwerdtfeger claims this is defamatory because his alias is 'Walking Dog,' and not Dogman." (ECF No. 14-1 at 26.)

On January 25, 1999, the court dismissed the complaint after screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), without leave to amend, finding it "legally frivolous." (*Id.* at 26–29.) As the action was dismissed as frivolous, it counts as a strike under § 1915(g).

### 5. *Schwerdtfeger v. Hartman*, No. 3:99-cv-00396-SI (N.D. Cal.)

On January 27, 1999, while incarcerated, Plaintiff filed *Schwerdtfeger v. Hartman*, No. 3:99-cv-00396-SI (N.D. Cal.) ("*Hartman*"), pursuant to 42 U.S.C. § 1983. (*Hartman*, ECF No. 1; *see also* ECF No. 14-1 at 31.) In his *pro se* complaint, Plaintiff alleged "that his mail was opened and he was verbally harassed." (ECF No. 14-1 at 31.) On February 5, 1999, the court dismissed Plaintiff's complaint on the basis that he "had four prior prisoner actions dismissed by th[e] court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted," and he was not under imminent danger of serious physical injury (*Id.* at 32–34.) The court cited *Yancey I*, *Rainey I*, *USDC*, and *Yancey II* as the four prior actions. (*Id.* at 32.) The *Hartman* order was signed by the same judge who dismissed those cases. (*Id.*) The dismissal was without prejudice to Plaintiff asserting the same claims in a complaint for which he paid the full filing fee at the outset. (*Id.*)

A dismissal based solely on a finding that the plaintiff had previously incurred at least three strikes, without any additional finding that the action itself was frivolous, malicious or failed to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai*, 833 F.3d at 1042. Accordingly, this action does not count as a strike under § 1915(g).

///

### 6. *Schwerdtfeger v. Rainey*, No. 3:99-cv-00044-SI (N.D. Cal.)

On January 7, 1999, while incarcerated, Plaintiff and another inmate, Larry Grengs, filed *Schwerdtfeger v. Rainey*, No. 3:99-cv-00044-SI (N.D. Cal.) ("*Rainey II*"), pursuant to 42 U.S.C. § 1983. (*Rainey II*, ECF No. 1; ECF No. 14-1 at 37.) In their *pro se* complaint, the plaintiffs claimed that they "witnessed an improper cell extraction of another inmate." (ECF No. 14-1 at 37.)

On March 1, 1999, the court dismissed the complaint without leave to amend. One basis was that the complaint failed to state a claim for relief. (*Id.*) The court reasoned that because the plaintiffs "were spectators to – not the recipients of – an alleged improper cell extraction," they had "no authority to litigate" the case. (*Id.*) The court added that the plaintiffs failed to "allege that they suffered any harm or that that their constitutional rights were violated." (*Id.*)[2] Because the court held that the entire action must be dismissed for failure to state a claim, the action counts as a strike under § 1915(g). *See O'Neal*, 531 F.3d at 1153; *see also El-Shaddai*, 833 F.3d at 1043 n.3 (quoting *O'Neal*, 531 F.3d at 1156) ("An alternative ground for dismissal can create a strike when it is 'a fully sufficient condition . . . for a dismissal with prejudice.'").

### 7. *Schwerdtfeger v. Fox*, No. 2:16-cv-01441-JAM-KJN (E.D. Cal.)

On June 24, 2016, while incarcerated, Plaintiff filed *Schwerdtfeger v. Fox*, No. 2:16-cv-01441-JAM-KJN (E.D. Cal.) ("*Fox*"), pursuant to 42 U.S.C. § 1983. (*Fox*, ECF No. 1; ECF No. 14-1 at 41.) Plaintiff challenged "the CDC-115 disciplinary report issued November 30, 2015, for his refusal to provide a urine sample for testing." (ECF No. 14-1 at 43.) Plaintiff contended "that he did not refuse to provide a sample, but rather due to his

---

[2] The court also denied Plaintiff's IFP application on the basis that he "had four prior prisoner actions dismissed by th[e] court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted" and was not under imminent danger of serious physical injury. (*Id.* at 38.) The court cited *Yancey I*, *Rainey I*, *USDC*, and *Yancey II* as the four prior actions. (*Id.*) The *Rainey I* order was signed by the same judge who dismissed those cases. (*Id.*)

age, physical disabilities, and medications, he was unable to produce a urine sample in the time provided." (*Id.*)

In his complaint, Plaintiff sought to dismiss the CDC-115 disciplinary report, and to have all his punishments cancelled and privileges restored. (*Fox*, ECF No. 1 at 3.) He also sought an award of $6,000 for deliberate indifference, disability-based discrimination, defamation of character, and mental suffering, as well as injunctive relief in the form of an order requiring CDCR to changes its rules and regulations to accommodate disabled prisoners in such matters. (*Id.*)

On March 6, 2017, the court dismissed Plaintiff's complaint. (ECF No. 14-1 at 43–46; *see also Fox*, ECF No. 7.) First, the court found that Plaintiff failed to provide any charging allegations under § 1983 as to the warden, who was the sole named defendant. (*Id.* at 43–44.) Second, the court found that Plaintiff's claim challenging his prison disciplinary conviction was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 14-1 at 44.)

Although it did not appear to the court that Plaintiff could cure his pleading deficiencies, it granted him an opportunity to amend. (*Id.* at 45.) Plaintiff was given thirty days to file an amended complaint. (*Id.*) Plaintiff did not file an amended complaint. (*Id.* at 49, 52.) Accordingly, the action was dismissed without prejudice. (*Id.* at 52–54.)[3]

A *Heck* dismissal may constitute a strike under § 1915(g) for failure to state a claim only "when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016). Where, as here, a plaintiff seeks injunctive relief challenging his sentence or conviction, as well as monetary relief

---

[3] When a district court dismisses a complaint for failure to state a claim, but grants leave to amend and the plaintiff then fails to file an amended complaint, the dismissal may count as a strike under § 1915(g). *Harris v. Mangun*, 863 F.3d 1133, 1143 (9th Cir. 2017).

for damages attributable to the same conviction, the entire complaint cannot be dismissed for a qualifying reason under the PLRA. *Id.* at 1057. This is because the request for injunctive relief sounds in habeas and is "not subject to the PLRA's regime." *Id.*; *see also El-Shaddai*, 833 F.3d at 1046 ("When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus."). Therefore, the dismissal of the case does not trigger a strike. *Id.* (declining to impose a strike with respect to the plaintiff's entire action because his "*Heck*-barred damages claims are . . . intertwined with his habeas challenge to the underlying sentence").

Accordingly, although the court also dismissed the case for failure to state a claim against the defendant warden, given the nature of Plaintiff's claims in the case, the Court declines to consider this case a strike under § 1915(g).

**B.     Analysis**

Based on the foregoing, the Court finds that Defendant has produced sufficient evidence to establish that Plaintiff had accrued at least three strikes pursuant to § 1915(g) prior to filing this action. As discussed above, *Yancey I*, *Rainey I*, *USDC*, *Yancey II*, and *Rainey II* were all dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(g). Thus, Plaintiff is not entitled to IFP status unless he meets the imminent danger exception.

Based on its review of the complaint, the Court finds that Plaintiff is not entitled to the imminent danger exception. In this action, Plaintiff alleges that the dorm doors on the E Yard at RJD posed a dangerous condition and that Defendant was deliberately indifferent to the substantial risk of serious harm they allegedly posed. (ECF No. 1 at 3–6.) At the time he filed his complaint, however, Plaintiff resided at the California Health Care Facility in Stockton, California. (*See id.* at 1.) Determining whether a plaintiff is "under imminent danger of serious physical injury" is to be assessed at the time of filing of the complaint. *See Andrews*, 493 F.3d at 1053. As Plaintiff was no longer housed at RJD at the time he filed his complaint, the Court finds that the complaint does not make even a plausible allegation that Plaintiff faced imminent danger of serious physical injury at the time of

filing. *See id.* at 1055; *see also McKenzie v. Casillas*, No. 12CV1602-BEN-RBB, 2013 WL 5288029, at *1–4 (S.D. Cal. Sept. 16, 2013) (finding the imminent danger exception inapplicable where the plaintiff transferred prisons before filing his complaint and he did not plausibly allege imminent danger of serious physical injury in his new prison relating to the claims in his complaint), *aff'd*, 585 F. App'x 369 (9th Cir. 2014); *Price v. Cunningham*, No. 1:08-CV-00425-AWI, 2011 WL 864677, at *4 (E.D. Cal. Mar. 10, 2011), *adopted by* 2011 WL 2110761 (E.D. Cal. May 25, 2011) (same).

In his opposition, Plaintiff makes several equitable arguments for why the Court should not revoke his IFP status, but he does not dispute the existence of his prior strikes or contend that he was in imminent danger at the time he filed his complaint. (*See* ECF No. 16.) Plaintiff argues that the Court should exercise discretion not to revoke his IFP status because he is embarrassed by the actions he filed in 1999, he has already been granted IFP status in this case and in *Fox*,[4] and Defendant's motion is "out of sequence" and the time to respond to his complaint has passed. (*Id.* at 6–7.) Plaintiff further argues that his transfer to a new facility was "an attempt to escape culpability in this matter." (*Id.* at 7.)

The Court is not persuaded by Plaintiff's arguments. First, the statute does not give the Court discretion to permit a prisoner to proceed IFP if it finds that the prisoner has three prior strikes and the imminent danger exception does not apply. *See* 28 U.S.C. § 1915(g) (stating that *"[i]n no event shall* a prisoner bring a civil action . . . under this section" if he

---

[4] The Court notes that in *Fox*, Plaintiff responded, "No," to the question on his form complaint asking, "Have you brought any other lawsuits while a prisoner." (*Fox*, ECF No. 1 at 1.) Therefore, the court was not on notice to check for prior strikes. Moreover, Plaintiff's 1999 pleadings are not currently on PACER and therefore were not easily accessible to the court in *Fox* or this Court at the time at the time IFP was granted. Regardless, the burden is on the defendant and not the court to produce sufficient evidence to establish that § 1915(g) bars a plaintiff's IFP status. Defendant has met that burden here.

has three prior strikes "unless the prisoner is under imminent danger of serious physical injury" (emphasis added)).

Second, a defendant is not prohibited from bringing a motion to revoke a plaintiff's IFP status after it has already been granted or at any time in the course of litigation. *See Buchanan v. Garza*, No. 08CV1290 BTM WVG, 2014 WL 1652565, at *1–3 (S.D. Cal. Apr. 22, 2014) (granting the defendants' motion to revoke the plaintiff's IFP status after the case had been pending for over five years and was nearing a trial date); *McKenzie*, 2013 WL 5288029, at *1–4 (revoking the plaintiff's IFP status after it had been granted based on the defendant's motion to revoke and to dismiss); *see also Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

Lastly, although Plaintiff claims that his transfer was an attempt to escape culpability, he also claims that the transfer had been approved by the classification committee before his injury in this case. (ECF No. 16 at 7–8.) Regardless, the motivation behind the transfer does not negate the fact that Plaintiff was not in imminent danger at the time of filing as contemplated by the statutory exception.

## IV. CONCLUSION & RECOMMENDATION

For the reasons stated above, it is hereby **RECOMMENDED** that:

(1) this Report and Recommendation be adopted;

(2) Defendant's motion to revoke Plaintiff's IFP status and dismiss the complaint (ECF No. 14) be **GRANTED**;

(3) Plaintiff's IFP status (ECF No. 4) be **REVOKED**; and

(4) all pending motions be terminated, and this action be dismissed without prejudice, unless Plaintiff pays the $400 filing fee in full within twenty-one (21) days of adoption of these findings and recommendations.

**IT IS SO ORDERED** that no later than **March 12, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 19, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  February 26, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge