# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SCHWERDTFEGER,<br><br>Plaintiff,<br><br>v.<br><br>PARAMO, Warden; R. BUCKEL, Assoc. Warden Business Services; and UNKNOWN CDCR AGENT, Supervisor of Plant Operations,<br><br>Defendants. | Case No.: 19-CV-2255 JLS (JLB)<br><br>**ORDER (1) ADOPTING IN FULL REPORT AND RECOMMENDATION (ECF NO. 23); (2) GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS (ECF NO. 14); (3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT (ECF NO. 9); AND (4) DECLINING TO ADOPT AS MOOT REPORT AND RECOMMENDATION (ECF NO. 18) AND DENYING AS MOOT OBJECTIONS THERETO (ECF NO. 19)**<br><br>(ECF Nos. 9, 14, 18, 19, 23) |

Presently before the Court is Defendant R. Buckel's Motion to Revoke Plaintiff's *in Forma Pauperis* ("IFP") Status and Dismiss the Complaint ("2d Mot.," ECF No. 14), as well as Plaintiff Michael Joseph Schwerdtfeger's opposition thereto (ECF No. 16) and Defendant's reply in support thereof (ECF No. 17). Also before the Court is Magistrate

Judge Jill L. Burkhardt's Report & Recommendation advising the Court to grant Defendant's Second Motion ("2d R&R," ECF No. 23). No party has filed objections to the Second R&R. Also pending before the Court is Defendant's Motion to Dismiss Complaint ("1st Mot.," ECF No. 9), Plaintiff's opposition thereto (ECF No. 11) and Defendant's reply in support thereof (ECF No. 12), Magistrate Judge Burkhardt's Report & Recommendation advising the Court to grant Defendant's First Motion ("1st R&R," ECF No. 18), and Plaintiff's objections (ECF No. 19) and Defendant's reply (ECF No. 20) to the First R&R.

## BACKGROUND

Magistrate Judge Burkhardt's Second R&R contains a complete and accurate recitation of the relevant facts and procedural history. *See* R&R at 2–4. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the Second R&R. *See* 2d R&R at 16 (providing that any party may file objections on or before March 12, 2021). The Court therefore reviews the Second R&R for clear error.

///

    Defendant moves to revoke Plaintiff's IFP status and dismiss the complaint on the basis that Plaintiff had already accrued at least three "strikes" at the time of filing this lawsuit and Plaintiff does not qualify for the imminent danger exception to the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"). *See* R&R at 6; *see generally* 2d Mot. Magistrate Judge Burkhardt found that Defendant produced sufficient evidence to establish that Plaintiff had accrued at least three strikes before filing this action, and accordingly Plaintiff is not entitled to proceed IFP unless he meets the PLRA's imminent danger exception. 2d R&R at 13. Magistrate Judge Burkhardt further concluded that Plaintiff was not covered by the imminent danger exception because Plaintiff alleges that Defendant was deliberately indifferent to the substantial risk of serious harm posed by the dormitory doors at R.J. Donovan Correctional Facility, but Plaintiff was transferred to the California Health Care Facility in Stockton, California, prior to the filing of the Complaint. *Id.* at 13–14 (citing ECF No. 1 at 1, 3–6). Magistrate Judge Burkhardt found Plaintiff's equitable arguments against revoking his IFP status unavailing. *See id.* at 14–15. As a result, Magistrate Judge Burkhard recommended that the Court adopt the Second R&R, grant Defendant's Second Motion, revoke Plaintiff's IFP status, terminate all pending motions, and dismiss the action without prejudice unless Plaintiff pays the $400 filing fees in full. *Id.* at 15

    Plaintiff did not file objections to the Second R&R, and the Court finds no clear error in the Second R&R. Accordingly, the Court **ADOPTS** the Second R&R and **GRANTS** Defendant's Second Motion.

## CONCLUSION

    The Court **ADOPTS** Magistrate Judge Burkhardt's Second R&R (ECF No. 23) and **GRANTS** Defendant's Motion to Revoke Plaintiff's IFP Status (ECF No. 14). The Court **REVOKES** Plaintiff's IFP status. Plaintiff **SHALL PAY** the full filing fees of $400 <u>within twenty-one (21) days</u> of the date on which this Order is electronically docketed. *Should Plaintiff fail to timely pay the filing fees, the Court will dismiss this action without prejudice.*

1   In light of this disposition, the Court Court **DENIES AS MOOT** Defendant's Motion to Dismiss Complaint (ECF No. 9), without prejudice to Defendant renewing said motion should Plaintiff timely file the applicable filing fees.  Accordingly, the Court also **DECLINES TO ADOPT** the First R&R as moot (ECF No. 18) and **DENIES AS MOOT** Plaintiff's objections thereto (ECF No. 19).

**IT IS SO ORDERED.**

Dated:  March 15, 2021

Hon. Janis L. Sammartino
United States District Judge