UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SCHWERDTFEGER,<br><br>Plaintiff,<br><br>v.<br><br>PARAMO, Warden; R. BUCKEL, Assoc. Warden Business Services; and UNKNOWN CDCR AGENT, Supervisor of Plant Operations,<br><br>Defendants. | Case No.: 19-CV-2255 JLS (JLB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 23); (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (ECF NO. 25); (3) GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS (ECF NO. 14); (4) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT (ECF NO. 9); AND (5) DECLINING TO ADOPT AS MOOT REPORT AND RECOMMENDATION (ECF NO. 18) AND DENYING AS MOOT OBJECTIONS THERETO (ECF NO. 19)**<br><br>(ECF Nos. 9, 14, 18, 19, 23, 25) |

Presently before the Court is Defendant R. Buckel's Motion to Revoke Plaintiff's *in Forma Pauperis* ("IFP") Status and Dismiss the Complaint ("2d Mot.," ECF No. 14), as well as Plaintiff Michael Joseph Schwerdtfeger's opposition thereto (ECF No. 16) and

Defendant's reply in support thereof (ECF No. 17). Also before the Court is Magistrate Judge Jill L. Burkhardt's Report & Recommendation advising the Court to grant Defendant's Second Motion ("2d R&R," ECF No. 23), as well as Plaintiff's objections thereto ("2d Objs.," ECF No. 25) and Defendant's reply in support thereof ("2d Reply," ECF No. 27). Additionally pending before the Court is Defendant's Motion to Dismiss Complaint ("1st Mot.," ECF No. 9), Plaintiff's opposition thereto (ECF No. 11) and Defendant's reply in support thereof (ECF No. 12), Magistrate Judge Burkhardt's Report & Recommendation advising the Court to grant Defendant's First Motion ("1st R&R," ECF No. 18), and Plaintiff's objections (ECF No. 19) and Defendant's reply (ECF No. 20) to the First R&R.

Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1), Magistrate Judge Burkhardt's R&Rs, the Parties' arguments, and the law, the Court **OVERRULES** Plaintiff's Second Objections, **ADOPTS** the Second R&R, and **GRANTS** Defendant's Motion to Revoke Plaintiff's IFP Status. Accordingly, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss, without prejudice to Defendant renewing the motion; **DECLINES TO ADOPT AS MOOT** the First R&R; and **DENIES AS MOOT** Plaintiff's First Objections.

## BACKGROUND

Magistrate Judge Burkhardt's Second R&R contains a complete and accurate recitation of the relevant facts and procedural history, *see* R&R at 2–4, as well as the prior lawsuits brought by Plaintiff and their dismissals, *see id.* at 7–13. This Order incorporates by reference those portions of the Second R&R.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Defendant moves to revoke Plaintiff's IFP status and dismiss the Complaint on the basis that Plaintiff had already accrued at least three "strikes" at the time of filing this lawsuit and Plaintiff does not qualify for the imminent danger exception to the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA").  *See* 2d R&R at 6; *see generally* 2d Mot.

Magistrate Judge Burkhardt's Second R&R concludes that Defendant produced sufficient evidence to establish that Plaintiff had accrued at least three strikes before filing this action, and accordingly Plaintiff is not entitled to proceed IFP unless he meets the PLRA's imminent danger exception.  2d R&R at 13.  The Second R&R further concludes that Plaintiff was not covered by the imminent danger exception because Plaintiff alleges that Defendant was deliberately indifferent to the substantial risk of serious harm posed by the dormitory doors at R.J. Donovan Correctional Facility ("RJD"), but the California Department of Corrections and Rehabilitation ("CDCR") transferred Plaintiff to the California Health Care Facility in Stockton, California ("CHCF"), prior to the filing of his Complaint.  *Id.* at 13–14 (citing ECF No. 1 at 1, 3–6).  Magistrate Judge Burkhardt finds Plaintiff's equitable arguments against revoking his IFP status unavailing.  *See id.* at 14–15.  As a result, Magistrate Judge Burkhardt's Second R&R recommends that the Court adopt the Second R&R, grant Defendant's Second Motion, revoke Plaintiff's IFP status, terminate all pending motions, and dismiss the action without prejudice unless Plaintiff pays the $400 filing fees in full.  *Id.* at 15

"Plaintiff objects and denies any and all law, argument, and reasoned opinion made in that [Second] Report and Recommendation, and relies on his law, arguments, and

reasoned opinions in Plaintiff's Objection to the above mentioned motion." 2d Objs. at 1–2. Plaintiff claims it is unconstitutional to force an indigent inmate to pay filing fees in full within twenty-one days or face dismissal of his action. *Id.* at 2. He argues that the "three strikes" rule should have a statute of limitations. *Id.* He also claims that his case should be deemed filed as of the date he initiated administrative review by filing his grievance, November 25, 2018,[1] rather than the date the case was filed in federal court, for purposes of assessing whether he falls within the scope of the PLRA's imminent danger exception. *Id.* at 2–3, 8. Plaintiff argues that he was transferred from RJD to CHCF under the "institutional convenience" protocol in the middle of the night solely to evade liability. *Id.* at 3–4, 8. Plaintiff also objects that Defendant's Second Motion was "out of order" and "would be better placed as an appeal issue." *Id.* at 4. Plaintiff asks the Court to hold oral argument on these issues and to appoint counsel. *Id.* at 9.

The Court reviews *de novo* those portions of the Second R&R to which Plaintiff objects and reviews for clear error the remainder of the Second R&R.

## I. Plaintiff's Objections

### A. *Request for Oral Argument/Appointment of Counsel*

As an initial matter, Plaintiff requests that the Court "[o]rder oral argument in this matter" and "appoint counsel to Plaintiff for the specific reason of oral argument." 2d Objs. at 9. However, under the Local Rules, "[a] judge may, in the judge's discretion, decide a motion without oral argument," S.D. CivLR 7.1(d)(1), a principle also recognized by the Ninth Circuit, *see Orr v. Selves*, 599 F. App'x 683, 684 (9th Cir. 2015) (citing *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001)). The Court, in its discretion, finds this matter, which has been comprehensively briefed by the Parties, to be appropriate for decision without oral argument. Accordingly, the Court **DENIES** Plaintiff's request

///

---

[1] The Court notes that in his Second Opposition, Plaintiff indicates that his injury occurred on November 25, 2018, and he filed his grievance on December 10, 2018. *See* 2d Opp'n at 3.

for oral argument and **DENIES AS MOOT** Plaintiff's request that the Court appoint counsel for that purpose.

### B.     Revocation of Previously Granted IFP Status/Burden of Filing Fees

Substantively, Plaintiff first appears to argue that, having been granted IFP status in 2017 and also in this matter, revocation of that status "is a discretionary matter for the court." 2d Opp'n at 5–6. Further, to force him, as "an indigent inmate Plaintiff," to pay the full filing fee within twenty-one days or face dismissal is "a Constitutionally undue, unfair, burden, impossible situation at law, and perhaps illegal, and, if not should be." Objs. at 2.

While the Court appreciates the frustration Plaintiff must feel at having had his application for IFP status granted and then facing revocation of that status, the fact is that "'[a]n inmate's *in forma pauperis* status may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improvidently granted.'" *Keeton v. Marshall*, No. CV 17-1213-FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018), (citing *Royal v. Rutherford Police*, 2012 U.S. Dist. LEXIS 60384, *7 n.4 (D.N.J. Apr. 27, 2012)), *report and recommendation adopted*, No. CV 17-1213-FMO (KS), 2018 WL 4378664 (C.D. Cal. Sept. 13, 2018); *see also Owens v. Matthews*, No. CV 16-7755-JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (same), *report and recommendation adopted*, No. CV 16-7755-JFW (KS), 2017 WL 600075 (C.D. Cal. Feb. 13, 2017); *Owens v. Soto*, No. CV 16-3577-JFW (KS), 2017 WL 626369, at *2 (C.D. Cal. Jan. 6, 2017) (same), *report and recommendation adopted*, No. CV 16-3577-JFW (KS), 2017 WL 600072 (C.D. Cal. Feb. 13, 2017). Ultimately, as the Ninth Circuit has recognized, "IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *see also Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right.") (citing *Clough v. Hunter*, 191 F.2d 516, (10th Cir. 1951)).

Further, while Plaintiff argues that the revocation decision is in the Court's discretion, the relevant statutory language is clear that a plaintiff who falls within the scope

of section 1915(g) *cannot* proceed IFP unless he or she is found to fall within the imminent danger exception. *See, e.g.*, *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) ("[I]f a prisoner has had three or more cases dismissed for one of these three reasons, a court *must* dismiss the prisoner's case.") (emphasis added); *Gilbert v. Winder*, No. 2:09-CV-806-CW, 2010 WL 231251, at *1 (D. Utah Jan. 20, 2010) ("The language of section 1915(g) is mandatory."); *Benavidez v. Xi Jinping, President of China*, No. CV 20-00799 KG/LF, 2021 WL 616838, at *1 (D.N.M. Feb. 17, 2021) ("[T]he Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee.") (citing 28 U.S.C. § 1915(g)); *Rodriguez v. Inch*, No. 4:19CV191-RH-HTC, 2020 WL 3052517, at *5 (N.D. Fla. May 6, 2020) ("The fact that the Court previously granted Plaintiff *in forma pauperis* status does not change the propriety of a dismissal. The language of § 1915(g) is mandatory.") (citation omitted), *report and recommendation adopted*, No. 4:19CV191-RH-HTC, 2020 WL 3050231 (N.D. Fla. June 8, 2020); *see also* Molly Guptill Manning, *Trouble Counting to Three: Circuit Splits and Confusion in Interpreting the Prison Litigation Reform Act's "Three Strikes Rule," 28 U.S.C. § 1915(g)*, 28 Cornell J.L. & Pub. Pol'y 207, 210–11 (2018) [hereinafter "Manning"] ("Because section 1915(g) uses mandatory language--in 'no event *shall* a prisoner bring a civil action or appeal' in forma pauperis if the prisoner has three or more strikes--courts must resolve whatever murky § 1915(g) issues are presented before allowing a case to proceed.") (quoting 28 U.S.C. § 1915(g)); Samuel B. Reilly, *Where Is the Strike Zone? Arguing for A Uniformly Narrow Interpretation of the Prison Litigation Reform Act's "Three Strikes" Rule*, 70 Emory L.J. 755, 767 (2021) (noting that "§ 1915(g) does not permit judicial discretion because the statutory bar to granting *in forma pauperis* status is a mandatory one") (citing 28 U.S.C. § 1915(g)). Because the Court finds that Plaintiff does not satisfy the requirements of the imminent danger exception—*see infra* Section I.D—the Court has no discretion to permit Plaintiff to retain his IFP status.

Finally, while the Court recognizes that it may be difficult for Plaintiff to pay the full filing fee within a period of weeks, the Court also notes that dismissal if Plaintiff is

unable to pay the fee within the time ordered would be without prejudice to Plaintiff refiling his action once he is able to pay—although the Court cautions Plaintiff to be mindful of any applicable statutes of limitations. The Ninth Circuit has determined that requiring inmates who fall within section 1915(g) to prepay their filing fees is not an unconstitutional limitation on access to the courts. *See Rodriguez*, 169 F.3d at 1180 ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims-they are only required to pay for filing those claims. In reaching our conclusion, we recognize that some prisoners may be unable to prepay filing fees, and will thereby be unable to bring their actions immediately. However, non-prisoners face similar concerns. Some prisoners will be required to save money in order to prepay a filing fee and bring a claim. Again, non-prisoners face that same situation."). The Ninth Circuit similarly has upheld the constitutionality of 28 U.S.C. §1915(b), which ultimately requires even prisoners proceeding IFP to pay the full filing fee. *See Taylor v. Delatoore*, 281 F.3d 844 (9th Cir. 2002). Thus, requiring Plaintiff to pay the full filing fee should his IFP status be revoked may be harsh, but it is neither unconstitutional nor illegal, and it is required by the relevant statute. Accordingly, the Court **OVERRULES** this objection to the Second R&R.

### C. Unconstitutionality of the "Three Strikes" Rule/Statute of Limitations

Plaintiff does not appear to contest that he has had nine prior lawsuits in federal court dismissed or Magistrate Judge Burkhardt's determination that at least five of those dismissals count as "strikes" for purposes of section 1915(g), *see* 2d R&R at 7–13, but rather he argues that his first six federal lawsuits, all from 1999, were not "normal" conduct, and that, "[l]ooking back, Plaintiff is embarrassed and filled with shame at his conduct." Opp'n at 4 –5. Plaintiff asks,

> How many years must a citizen of These United States have to live and suffer under until the "Three strikes your [sic] out" situation in law regarding frivolous, malicious, or failing to state a claim upon which relief may be granted, has passed? Is it really the case wherein after suffering from a third strike on filings

> mentioned above, a Plaintiff may never, in this life, be able to find some measurable degree of relief, or consideration thereof, in these United States federal Courts. Is there no statute of Limitations wherein after a certain and specific amount of time, the record may be cleared up, or is this a Death Penalty?

Objs. at 2.

The Court recognizes that the "three strikes" provision can be harsh and sympathizes with the frustration Plaintiff feels that cases filed and dismissed more than twenty years ago continue to have lasting and significant consequences on his ability to seek legal relief in federal court. However, numerous courts have found that 28 U.S.C. § 1915(g) is not unconstitutional. *See, e.g.*, *Rodriguez*, 169 F.3d at 1178 (concluding section 1915(g) does not violate, among other constitutional provisions, due process or equal protection rights or the right of access to the courts); *Bonilla v. Unknown*, No. 319CV01951LABAHG, 2019 WL 6829090, at *2 (S.D. Cal. Dec. 13, 2019) (where plaintiff challenged constitutionality of section 1915(g) on First Amendment grounds, noting section 1915(g) "ha[s] withstood such constitutional scrutiny") (citations omitted); *Pinson v. Frisk*, No. 13-CV-05502-VC, 2015 WL 738253, at *2 (N.D. Cal. Feb. 20, 2015) (noting "several other courts of appeals have upheld § 1915(g) against various constitutional challenges, including First Amendment challenges involving access to the courts") (citations omitted). And, unfortunately, there is no statute of limitations on how long a "strike" counts as a "strike." *See Johnson v. Clays*, No. 2:11-CV-2881 TLN DAD, 2014 WL 1668472, at *3 n.2 (E.D. Cal. Apr. 23, 2014), *report and recommendation adopted*, No. 2:11-CV-2881 TLN DAD, 2014 WL 2154468 (E.D. Cal. May 22, 2014). Ultimately, however, a strike is not an absolute bar to pursuing claims in federal court; a plaintiff may still proceed IFP if he establishes that the imminent danger exception applies or if he prepays the filing fee. Accordingly, the Court **OVERRULES** this objection to the Second R&R.

### D.     *Relevant Date for Purposes of Imminent Danger Exception*

Plaintiff next argues that the proper date by which to assess whether the "imminent danger" exception applies is the date the grievance process was initiated, rather than the

date on which he filed his complaint in federal court, given that inmates are required to exhaust administrative remedies before filing a legal claim. Objs. at 2–3. Because Plaintiff was still housed at RJD at the time he filed his grievance and initiated the administrative exhaustion process, Plaintiff argues that he did face "imminent danger" at the relevant time, and accordingly he should be permitted to proceed IFP. *Id.* at 3. Defendant argues that "the law is clear that the date of filing a complaint controls—not before or after." 2d Reply at 3–4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)).

The Court agrees with Defendant. As relevant here, the provision in question provides: "In no event shall a prisoner *bring a civil action* . . . under this section . . . unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). "In common legal parlance, the term 'action' refers not merely to the operative pleadings, but instead encompasses 'all *the formal proceedings in a court of justice* attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.'" *Bradford v. Usher*, No. 117CV01128DADSAB, 2019 WL 4316899, at *3 (E.D. Cal. Sept. 12, 2019) (citing Black's Law Dictionary 28 (6th ed. 1990); U.C.C. § 1–201(b)(1)) (emphasis added). "As the Ninth Circuit has recognized, '[t]he [imminent danger] exception's use of the present tense, combined with its concern only with the initial act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.'" *Freeman v. Foss*, No. 19-CV-02594-HSG, 2021 WL 23292, at *4 (N.D. Cal. Jan. 4, 2021) (citing *Andrews*, 493 F.3d at 1053). In other words, "the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053; *accord Turner v. Cty. of San Diego*, 708 F. App'x 372 (9th Cir. 2017) (affirming denial of IFP status where inmate "did not plausibly allege that he was 'under imminent danger of serious physical injury' at the time he lodged the complaint or the appeal") (citation omitted).

/ / /

The formal proceedings in this court of justice began, and Plaintiff therefore "br[ought] a civil action," when Plaintiff filed his Complaint, not when he first filed an administrative grievance at RJD, and accordingly the date on which Plaintiff filed his Complaint is the relevant point at which Plaintiff's risk of imminent danger is assessed. 28 U.S.C. § 1915(g).  Because Plaintiff had already been transferred to CHCF at the time he filed his Complaint, he was no longer in "imminent danger" at the time of filing, and accordingly the section 1915(g) exception does not apply.  Accordingly, the Court **OVERRULES** this objection to the Second R&R.

### E.     *Alleged Transfer Solely to Avoid Liability*

Plaintiff also argues that he was transferred "solely . . . to evade culpability in this matter, quickly rid yourself of the problem, and therefore not be responsible, culpable." 2d Objs. at 4.  Defendant counters that "Plaintiff provides no legal authority for the proposition that removing an inmate from imminent danger to avoid litigation is impermissible," and, at any rate, "this is illogical since this would mean that leaving an inmate in imminent danger would be the proper course."  Reply at 3.  Further, "Plaintiff admitted . . . that his transfer had been approved by a classification committee before the incident occurred." *Id.* (citations omitted).

"Section 1915(g) prevents an inmate from proceeding *in forma pauperis* in a Section 1983 action where he has suffered three 'strikes' within the meaning of Section 1915(g), without regard to whether the claims are cognizable or meritorious.  As long as an inmate pays the full filing fee (or is granted *in forma pauperis* status), the inmate may bring suit regarding claims of past constitutional violations at prior places of incarceration." *Freeman v. Foss*, No. 19-CV-02594-HSG, 2021 WL 23292, at *4 (N.D. Cal. Jan. 4, 2021); *see also Andrews*, 493 F.3d at 1053 n.5 (noting that, while claims for injunctive relief may be rendered moot by the prisoner's transfer to another prison where the prisoner has not shown a likelihood of returning to that facility, requests for damages are not mooted) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam)).  Thus, while Plaintiff's transfer may bar him from fulfilling the imminent danger exception and proceeding IFP,

the transfer does not preclude Plaintiff, who seeks damages in addition to injunctive relief, from litigating the merits of all his claims, and accordingly the transfer does not insulate Defendant from liability. Accordingly, Plaintiff's argument is wrong on the merits.

Even had the transfer mooted Plaintiff's claims and absolved Defendant of liability, while the Court is troubled by Plaintiff's allegation that he was transferred to another facility for potentially improper purposes, ultimately, "[p]rison officials have broad discretion to move a prisoner from one facility to another for administrative or safety concerns, or for no reason at all." *Reed v. Barcklay*, No. CV-11-01339-PHX-JAT, 2014 WL 7178363, at *2 (D. Ariz. Dec. 17, 2014) (citing *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991)), *order clarified*, No. CV 11-1339-PHX-JAT, 2015 WL 12990201 (D. Ariz. Apr. 1, 2015). "While it is inappropriate for a prison official to transfer an inmate solely to moot the inmate's claims against the prison or a prison employee, if there is any legitimate reason for the transfer, then the motive behind the transfer is irrelevant." *Id.* (citing *Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir. 1995); *Burke v. Steadman*, Civil No. 13–CV–0582–DMS (WVG), 2014 WL 1456246, at *10 (S.D. Cal. Jan. 27, 2014), *adopted in relevant part*, 2014 WL 1456271 (S.D. Cal. Apr. 15, 2014)). Here, Plaintiff's transfer was approved, and he ultimately was transferred, before he even filed the Complaint, *see* 2d Objs. at 2, Compl. at 1; moreover, the Court can infer from the fact that Plaintiff is presently housed at CHCF that Plaintiff likely was transferred for legitimate health reasons.[2] Accordingly, the Court **OVERRULES** this objection to the Second R&R.

/ / /

---

[2] Courts may take judicial notice of "'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies,'" including CDCR. *George v. Diaz*, No. 20-CV-03244-SI, 2020 WL 5073996, at *2 (N.D. Cal. Aug. 24, 2020) (citing *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015)). Accordingly, the Court takes judicial notice of the fact that CDCR's website regarding CHCF states, under the section "Details & History," that "CHCF provides medical care and mental health treatment to inmates who have the most severe and long term needs." *See* https://www.cdcr.ca.gov/facility-locator/chcf/ (last visited Mar. 19, 2021).

### F.     *Purported Untimeliness of Defendant's Second Motion*

Finally, Plaintiff argues that Defendant's Second Motion is "nothing more than an [addendum] to the initial motion to dismiss, which should be illegal and not allowed," as "[t]he time to respond has passed." 2d Opp'n at 7. Plaintiff argues that "[i]t would seem this second motion would be better placed as an appeal issue." 2d Objs. at 4.

However, the issue of whether the "three strikes" provision bars a plaintiff from proceeding IFP, and whether a plaintiff's IFP status should be revoked accordingly, "is not a defense that the defendant is free to assert or to waive. It is a rule designed to protect the public fisc and the courts." *McFadden v. U.S. Dep't of Just.*, 270 F. Supp. 3d 82, 87 (D.D.C. 2017) (citing *In re Kissi*, 652 F.3d 39, 41 (D.C. Cir. 2011)). Accordingly, the issue is properly raised early, to avoid the potentially unnecessary expenditure of public and court resources, rather than on appeal, after the merits have already been decided. Further, as noted in Section I.B *supra*, the language of section 1915(g) is mandatory, and thus "courts must resolve whatever murky § 1915(g) issues are presented before allowing a case to proceed." Manning at 210–11 (citing 28 U.S.C. § 1915(g)). Finally, while it may have been preferable for Defendant to bring the Second Motion concurrently with its First Motion, the fact remains that either a defendant or the court is free to raise the issue at any time. *See, e.g.*, *McFadden*, 270 F. Supp. 3d at 84 (noting court granted pro se inmate plaintiff's IFP petition in October 2015, but more than a year later the court ordered the plaintiff to show cause why his IFP status should not be revoked in light of the "three strikes" provision, and ultimately determining that plaintiff's IFP status should be revoked); *Buchanan v. Garza*, No. 08CV1290 BTM WVG, 2014 WL 1652565 (S.D. Cal. Apr. 22, 2014) (granting defendant's motion to revoke IFP status more than five years after IFP status was granted and on the eve of trial). Accordingly, the Second Motion is not untimely, and the Court **OVERRULES** this objection to the Second R&R.

Because the Court has overruled each of Plaintiff's objections to the Second R&R, the Court **ADOPTS** the portions of the Second R&R to which Plaintiff objects.

/ / /

Case 3:19-cv-02255-JLS-JLB   Document 28   Filed 03/30/21   PageID.399   Page 13 of 13

## II. Remainder of the R&R

Plaintiff does not object to the remainder of Magistrate Judge Burkhardt's Second R&R, including, *inter alia*, the Second R&R's summary of the relevant facts and Plaintiff's prior litigation, *see* 2d R&R at 2–4, 7–13, and Magistrate Judge Burkhardt's determination that at least five of Plaintiff's prior dismissals count as "strikes," *see id.* at 7–13. Having found no clear error, the Court **ADOPTS** the remainder of Magistrate Judge Burkhardt's Second R&R.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Burkhardt's Second R&R (ECF No. 23) in full, **OVERRULES** Plaintiff's objections thereto (ECF No. 25), and **GRANTS** Defendant's Motion to Revoke Plaintiff's IFP Status (ECF No. 14). The Court **REVOKES** Plaintiff's IFP status. Plaintiff **SHALL PAY** the full filing fee of $400 within thirty (30) days of the date on which this Order is electronically docketed. *Should Plaintiff fail timely to pay the filing fee, the Court will dismiss this action without prejudice to Plaintiff refiling the action when he is capable of paying the full filing fee.*

In light of this disposition, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss Complaint (ECF No. 9), without prejudice to Defendant renewing said motion should Plaintiff timely file the applicable filing fees. Accordingly, the Court also **DECLINES TO ADOPT** the First R&R as moot (ECF No. 18) and **DENIES AS MOOT** Plaintiff's objections thereto (ECF No. 19).

**IT IS SO ORDERED.**

Dated: March 30, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

13

19-CV-2255 JLS (JLB)